IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARRELL GRAY**                                                      **PLAINTIFF**

V.                      No. 4:22-CV-00534-ERE

**SOCIAL SECURITY ADMINISTRATION,**
Commissioner                                              **DEFENDANT**

## ORDER

Pending before the Court is a Motion for Authorization of Attorney's Fees Under 42 U.S.C. § 460(b). *Doc. 26*. For the reasons stated below, the motion is GRANTED.

**I.    Background**

On March 1, 2023, the Court reversed the Commissioner's decision and remanded this case for further administrative proceedings. *Docs. 20, 21*. Plaintiff Darrell Gray prevailed on remand, and the Commissioner awarded him monthly disability benefits beginning December 2019. *Doc. 26-4*.

On April 7, 2023, the Court granted a motion for attorney's fees filed by Mr. Gray's lawyer, Mr. Nicholas Coleman, and awarded him $7,511.68 in attorneys' fees under the Equal Access to Justice Act ("EAJA"). *Doc. 25*.

On September 6, 2024, Mr. Coleman filed a motion for attorney's fees under 42 U.S.C. § 406(b). Based on a fee agreement between Mr. Gray and Mr.

1

Coleman,[1] Mr. Coleman seeks the full 25% contingency fee, which is $21,638.18, for 35.5 hours of work in federal court on this case. *Docs. 26-1, 27*. Mr. Coleman acknowledges that his EAJA award of $7,511.68 must be deducted from any award under 42 U.S.C. § 406(b). *Doc. 27*.

The Commissioner, who is not the real party in interest on this issue, takes no position on the reasonableness of the § 406(b) request or the reimbursement method for the EAJA funds. *Doc. 28*.

**II.   Discussion**

When a Court "renders a judgment favorable to a claimant" in a Social Security case, the Court may award "a reasonable fee for [the claimant's attorney's] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).[2] Mr. Coleman requests a 25% fee – the same as the statutory maximum – pursuant to the contingency fee agreement with Mr. Gray.

Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

---

[1] On June 1, 2022, Mr. Gray entered into a contingency fee agreement with Mr. Coleman agreeing that "the attorney's fee for representation in [his] disability claim(s) before federal court shall be the **GREATER** of the following:" 25% of awarded past due benefits or any award ordered under the EAJA. *Doc. 26-2* (emphasis in original).

[2] This fee is paid "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The 25% fee cap under the statute:

> represents the ceiling of available attorney's fees, not an amount that is automatically deemed reasonable. Even fee agreements that fall "[w]ithin the 25 percent boundary" must be independently assessed for reasonableness and approved by the court . . . . [C]ourts may reduce an award "based on the character of the representation and the results the representative achieved." And, importantly, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order" to avoid a windfall to the claimant's attorney.

*Herrera v. Soc. Sec. Admin.*, No. 4:20-CV-00759-LPR, 2024 WL 1860246, at *1 (E.D. Ark. Apr. 29, 2024) (quoting *Gisbrecht*, 535 U.S. at 807-808). When reviewing a request under a contingency fee agreement, the Court may consider the "reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Mr. Coleman's $21,638.18 request is reasonable and supported by the record. First, the request is not more than the 25% statutory maximum. Second, Mr. Coleman took on the risk of pursing this case for years with the possibility of receiving no fee. Third, there was no deliberate delay during Mr. Coleman's representation in this case. Finally, the hours expended by Mr. Coleman appear reasonable.

As noted earlier, Mr. Coleman already received fees of $7,511.68 under the EAJA. Because double dipping is not permitted, the reasonable § 406(b) fee of $21,638.18, will, at counsel's request, be reduced by the EAJA award, resulting in a modified contingency fee payment of $14,126.50.[3]

**III. Conclusion**

As set out above, the Motion for Authorization of Attorney's Fees Under 42 U.S.C. § 406(b) is GRANTED. *Doc. 26.* After deducting the EAJA amount from the reasonable § 406(b) fee of $21,638.18, Plaintiff's counsel is entitled to the net amount of $14,126.50, which is hereby awarded.

IT IS SO ORDERED 19 September 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Mr. Coleman proposes to either refund the EAJA award to Mr. Gray or have the Court deduct the EAJA award from the § 406(b) award. *Doc. 27*. The second option is referred to as the "netting method." Although some courts have considered this the "disfavored method," the Eighth Circuit has not ruled on the issue. *Williamson v. Kijakazi*, No. 21-CV-2034 (SRN/LIB), 2023 WL 8295270, at *3 (D. Minn. Dec. 1, 2023) (citing cases). Two recent Eastern District of Arkansas cases have applied the netting method. See *Herrera*, 2024 WL 1860246, at *2; *Sons v. Social Security Admin.*, No. 3:22-CV-00038-BRW (E.D. Ark. Sept. 11, 2024). The netting method is arguably more efficient, as it will prevent further delay caused by waiting for Mr. Coleman to return the EAJA fee before finalizing his contingency award.